THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>SELUNDO CHILIPE-ESCANDON,<br><br>        Defendant. | CASE NO. CR19-0109-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Selundo Chilipe-Escandon's motion for compassionate release (Dkt. No. 20), the Government's motion for leave to file an over-length brief (Dkt. No. 22), and the Government's motion to seal (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the Government's motions (Dkt. Nos. 22, 24) and DENIES Mr. Chilipe-Escandon's motion for compassionate release as moot for the reasons explained herein.

I.    BACKGROUND

In 2012, Mr. Chilipe-Escandon pleaded guilty to conspiracy to distribute controlled substances and the Court sentenced him to 60 months in prison followed by a term of supervised release. *See United States v. Chilipe-Escandon*, Case No. CR12-0047-JCC, Dkt. No. 742 (W.D. Wash. 2012). Mr. Chilipe-Escandon was deported after completing his 60-month sentence but returned to the United States and was charged under this case number with possession of heroin

with intent to distribute. (Dkt. No. 1.) He pleaded guilty to the crime and also admitted to violating the conditions of his supervised release. (Dkt. Nos. 6, 10); *United States v. Chilipe-Escandon*, Case No. CR12-0047-JCC, Dkt. No. 1151 (W.D. Wash. 2019). The Court imposed 15 months of confinement for the supervised release violations and 24 months for the new drug offense, with the terms of confinement to run concurrently. (Dkt. No. 17); *United States v. Chilipe-Escandon*, Case No. CR12-0047-JCC, Dkt. No. 1152 (W.D. Wash. 2019).

Mr. Chilipe-Escandon, while confined at FCI-Herlong, filed the instant motion for compassionate release with approximately seven weeks left of his term of imprisonment. (Dkt. No. 20 at 2 (noting a release date of December 22, 2022).) He asked the Court to reduce his sentence to time served based on his diagnosis of cardiomegaly, *i.e.*, an enlarged heart, arguing that this condition places him at an increased risk of complications should he contract COVID-19 in prison. (*Id.* at 6.) He has now finished serving his term of imprisonment and been released.

## II. DISCUSSION

### A. Motions for Leave to File an Overlength Brief and to Seal

As a preliminary matter, the Government moved to file a 13-page opposition to the motion for compassionate release. (Dkt. No. 22.) The Court FINDS that a response brief of this length is reasonable under the circumstances and GRANTS the motion.

The Government also moved to maintain under seal exhibits containing Mr. Chilipe-Escandon's medical records (Dkt. No 24). The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party seeking to seal a judicial record must show "compelling reasons" to seal the record if it relates to a dispositive pleading. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, the exhibits contain Mr. Chilipe-Escandon's confidential and highly personal medical information. (Dkt. No. 25.) The Court FINDS that there is a compelling interest in maintaining the confidentiality of such records and that interest outweighs the public's interest

in their disclosure. *See Kamakana*, 447 F.3d at 1179. The Court therefore GRANTS the motion to seal (Dkt. No. 24).

### B.      Motion for Compassionate Release

The Court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) if extraordinary and compelling reasons warrant such a reduction. When an inmate has health conditions that make them significantly more vulnerable to complications from COVID-19, that may constitute an extraordinary and compelling circumstance. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020).

In this instance, however, Mr. Chilipe-Escandon has already finished serving his term of imprisonment and has been released from custody. Since he is no longer in prison, continued confinement in light of his heart condition cannot constitute an extraordinary and compelling circumstance warranting a reduction in sentence, which moots his request for compassionate release. *See Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("'If there is no longer a possibility that [a movant] can obtain relief for his claim, that claim is moot . . .'") (quoting *Ruvalcaba v. City of L.A.,* 167 F.3d 514, 521 (9th Cir.1999)); *United States v. Lisk*, 2020 WL 5434126, slip op. at 1 (D. Kan. 2020) (denying motion for compassionate release as moot where defendant was already released from Bureau of Prisons custody (citing *Hirano v. United States*, 2020 WL 1861659, slip op. at 4 (D. Hawaii 2020); *Kyle v. United States*, 2020 WL 760396, slip op. at 2 (N.D. W. Va. 2020))).

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motions (Dkt. Nos. 22, 24) and DENIES Defendant's motion for compassionate release as MOOT. The Clerk is respectfully DIRECTED to maintain Docket No. 25 under seal.

//

//

DATED this 29th day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE